# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARA PALLADINO and ISABELLE BARKER, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS W. CORBETT, in his official capacity as Governor of Pennsylvania, and his successors in office; and KATHLEEN KANE, in her official capacity as Attorney General of Pennsylvania, and her successors in office <br><br> Defendants. | Civil Case No. 13-05641 <br><br> Judge Mary A. McLaughlin |

## UNITED STATES' ACKNOWLEDGEMENT
## OF CONSTITUTIONAL CHALLENGE
## AND REQUEST FOR EXTENSION OF TIME

The United States hereby acknowledges receipt of this Court's certification [Dkt. 15], dated November 1, 2013, that the constitutionality of an Act of Congress affecting the public interest, Section 2 of the Defense of Marriage Act ("DOMA" or "Section 2"), 28 U.S.C. § 1738C, is called into question in this case, to which neither the United States, nor any agency, officer or employee of the United States is a party.  *See* 28 U.S.C. § 2403(a).  On October 22, 2013, Plaintiffs also served a Notice of Constitutional Challenge on the Attorney General.  Pursuant to Federal Rule of Civil Procedure 5(c), the United States may intervene within 60 days of October 22, 2013, unless the court sets a later time.

The United States respectfully requests that the deadline for its intervention be extended from December 23, 2013 to March 14, 2014.  The Solicitor General of the United States decides whether the United States should intervene to defend the constitutionality of an Act of Congress.

*See* 28 C.F.R. § 0.21 ("The Solicitor General may in consultation with each agency or official concerned, authorize intervention by the Government in cases involving the constitutionality of acts of Congress."). Obtaining the Solicitor General's approval will require time for thorough consideration.

Moreover, intervention by the United States at this time may be premature. At this juncture, it appears that there is some possibility that this case may be resolved without the Court reaching the issue of the constitutionality of Section 2 of DOMA. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 (1981) ("[P]rior to reaching any constitutional question, federal courts must consider nonconstitutional grounds for decision."); *Ashwander v. Tenn. Valley Authority*, 297 U.S. 288, 345–48 (1936) (Brandeis, J., concurring) ("The Court will not 'anticipate a question of constitutional law in advance of the necessity of deciding it.'") (quoting *Liverpool, N.Y. & P.S.S. Co. v. Emigration Comm'rs*, 113 U.S. 33, 39 (1885)). The Complaint implicates Section 2 only to the extent the State defendants seek to rely on it. Compl. ¶ 2 ("to the extent that the Pennsylvania statute purports to be authorized by federal law, specifically, Section 2 of ["DOMA"], Plaintiffs similarly challenge the constitutionality of Section 2"). Therefore, once briefing is completed, it may be apparent that Section 2 is no longer at issue in this litigation.

The briefing that has occurred to date suggests that this Court may not need to resolve the issue. Specifically, Defendant Kathleen Kane's motion to dismiss did not rely on Section 2, and Defendant Thomas Corbett has argued that "even if this Court were to determine that Section 2 of DOMA was enacted outside the authority of Congress, such determination would have no effect on Pennsylvania's marriage statute. With or without DOMA, the Full Faith and Credit

Clause does not compel Pennsylvania to define and recognize marriage according to Massachusetts law." Motion to Dismiss by Governor Thomas W. Corbett [Dkt. 20-1] at 36.

Based on the briefing schedule entered by this Court, briefing for the parties' dispositive motions will not be complete until February 28, 2013. Accordingly, the United States seeks an extension of time until March 14, 2014, two weeks after the completion of the parties' briefing, so that it can better assess the propriety of the United States' intervention. Should the United States decide to intervene at that time and should this Court grant the intervention, then the United States respectfully requests that it be permitted to file a brief within two weeks from the Court's grant of intervention.

Dated: December 20, 2013
        Respectfully submitted,

        STUART F. DELERY
        Assistant Attorney General

        ZANE DAVID MEMEGER
        United States Attorney

        ARTHUR R. GOLDBERG
        Assistant Branch Director

        *Jean Lin*
        Jean Lin
        Senior Trial Counsel
        Jennie Kneedler
        Trial Attorney
        United States Department of Justice
        Civil Division, Federal Programs Branch
        20 Massachusetts Ave., N.W.
        Washington, DC  20530
        Tel:   (202) 514-3716
        Fax:  (202) 616-8470
        jean.lin@usdoj.gov
        Jeannie.l.kneedler@usdoj.gov