THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARA PALLADINO and ISABELLE BARKER<br><br>**Plaintiffs,**<br><br>v.<br><br>THOMAS W. CORBETT, in his official capacity as Governor of Pennsylvania, and his successors in office; and KATHLEEN KANE, in her official capacity as Attorney General of Pennsylvania, and her successors in office<br><br>**Defendants.** | Civil Action No. 2:13-cv-05641-MAM<br><br>**ELECTRONICALLY FILED** |

**PLAINTIFFS' RESPONSE TO APPLICATION FOR LEAVE
TO INTERVENE FILED BY JAMES SCHNELLER
AND THE PHILADELPHIA METRO TASK FORCE**

On January 18, 2014, Mr. James D. Schneller, appearing *pro se*, filed what appears to be a motion to intervene in this action under Fed. R. Civ. P. 24.[1] Mr. Schneller apparently seeks to come into this action, on his own behalf and on behalf of an organization (perhaps an unincorporated association[2]) described as the Philadelphia Metro Task Force (collectively, "Movants"). Movants plainly seek to defend the Pennsylvania statute at issue in this litigation, 23 Pa. Cons. Stat. Ann. § 1704, and therefore perhaps hope to be aligned with or as defendants,

---

[1] Mr. Schneller's "Application For Leave To Intervene" ("Application") does not cite Rule 24, and it makes no explicit argument for either intervention as of right under Rule 24(a) or permissive intervention under Rule 24(b) (although it contains a reference to "intervention as of right," Application at ¶ 38). In any event, Movants' obvious intention is to be allowed to be heard in this action to oppose Plaintiffs' claims and defend 23 Pa. Cons. Stat. Ann. § 1704. *See, e.g.*, Application at ¶ 50 ("Citizens object to any effort to declare the statute unconstitutional. . . .")

[2] It is unclear what Philadelphia Metro Task Force is, but as an organization rather than an individual, it cannot appear in this Court *pro se*. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1995) (". . . a corporation may appear in the federal courts only through licensed counsel. . . the rationale for that rule applies equally to all artificial entities.")

but they nevertheless oppose the motion of Defendant Attorney General Kane to dismiss the claims against her.

I. **INTRODUCTION**

As a Motion to Intervene under Fed. R. Civ. P. 24, the Application is deficient in many respects, and Plaintiffs believe it cannot properly be granted. Movants lack standing to come into the action to contest Plaintiffs' claims, and their filing does not comply with the Federal Rules of Civil Procedure. Plaintiffs recognize that the Court has the discretion to treat a deficient motion of this kind as a motion for leave to participate as *amicus curiae;* to the extent the Court is inclined to treat Movants' filing as such a request, Plaintiffs take no position on whether Mr. Schneller or Movants should be allowed to participate in that fashion.

Intervention as a party has potentially greater consequences than participation as an *amicus*. If allowed to intervene as a party, Movants might seek to initiate additional motion practice or discovery, which might in turn impede the orderly disposition of the action. Plaintiffs do not believe it is appropriate to burden the parties or the Court in this way, at the behest of a person or entity with no genuine stake in the controversy.

II. **ARGUMENT**

    A. **Movants May Not Intervene Under Rule 24 To Contest Plaintiffs' Claims.**

Movants may not intervene to defend this action under Rule 24 because they have no standing to do so, and because their filing does not meet the requirements of the Rule.

        1. **Movants Lack Standing To Intervene To Defend.**

Any argument that Movants have Article III standing to come into this action to defend the constitutionality of 23 Pa. Cons. Stat. Ann. § 1704 seems to be laid to rest by the Supreme Court's decision in *Hollingsworth v. Perry*, 570 U.S. ___, 133 S. Ct. 2652 (2013), decided the same day as *United States v. Windsor*, 570 U.S. ___, 133 S. Ct. 2675 (2013). *Hollingsworth*

involved an amendment to the California Constitution, "Proposition 8," that provided "[o]nly marriage between a man and a woman is valid or recognized in California." *Hollingsworth*, 133 S. Ct. at 2659.  The specific issue before the Court in *Hollingsworth* was whether petitioners, the "official proponents" of Proposition 8 under the California Election Code,[3] had standing to defend the constitutionality of Proposition 8 in the federal courts.  Although the district court had allowed the petitioners to intervene to defend the constitutionality of the Amendment at trial, and the Court of Appeals for the Ninth Circuit had specifically ruled that petitioners had Article III standing to pursue an appeal of the district court's subsequent decision invalidating the Amendment, the Supreme Court reached a contrary conclusion.

The Supreme Court analyzed petitioners' standing in conventional terms; to have standing, a litigant

> must possess a 'direct stake in the outcome' of the case. . . .  Here, however, petitioners had no 'direct stake' in the outcome of their appeal.  Their only interest in having the District Court order reversed was to vindicate the constitutional validity of a generally applicable California law.
>
> We have repeatedly held that such a 'generalized grievance,' no matter how sincere, is insufficient to confer standing.

*Hollingsworth*, 133 S. Ct. at 2662.  From the standpoint of Article III, Movants are no better situated to defend state law than the petitioners in *Hollingsworth*.  This would be true even if neither defendant came forward to defend the statute.[4]  This is reason enough to deny Movants the right to intervene as parties for the purpose of defending 23 Pa. Cons. Stat. Ann. § 1704 – there is no constitutionally cognizable case or controversy between Plaintiffs and Movants regarding the validity of the statute.

---

[3] *See Hollingsworth*, 133 S. Ct. at 2660.

[4] *See Hollingsworth*, 133 S. Ct. at 2668 ("We have never before upheld the standing of a private party to defend the constitutionality of a state statute when state officials have chosen not to.  We decline to do so for the first time here.")

### 2. **Movants' Filing Does Not Comply With Fed. R. Civ. P. 24.**

Even if Article III considerations did not preclude Movants from coming into this action to defend the constitutionality of § 1704, their Application should be denied for failure to comply with Fed. R. Civ. P. 24(a). The Rule provides that intervention is to be granted, upon timely motion, to anyone who:

> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Plaintiffs do not challenge the timeliness of Movants' effort to intervene, but they have failed to demonstrate that their interest in defending § 1704 is not adequately represented by existing parties.

Read as a whole, the Application may be construed as questioning whether Attorney General Kane will adequately represent Movants' interest in defending the statute. However, Plaintiffs are unable to find in Movants' submission a basis upon which the Court might find that Governor Corbett cannot or will not defend the constitutionality of 23 Pa. Cons. Stat. § 1704. The Application appears to mention Governor Corbett in only two places — Paragraphs 21 and 25 thereof — and at neither point in Movants' narrative is there a suggestion of Governor Corbett's inadequacy for purposes of defending § 1704. Under these circumstances, intervention cannot be justified under Rule 24(a).

Moreover, Movants have not properly complied with Rule 24(c), which requires that a motion to intervene "must . . . be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Although Movants seek to defend § 1704 (*see, e.g*., Application, ¶ 50 ("Citizens object to any effort to declare the statute unconstitutional, and believe the suit is unfounded and frivolous. . . .")), the only "pleading" they

attach is what appears to be an opposition to Attorney General Kane's Motion to Dismiss. This "pleading" does not set out "the claim or defense for which intervention is sought," and therefore fails to comply with the mandatory requirements of Rule 24(c).

### B. Plaintiffs Take No Position With Respect To Whether Movants Should Be Allowed To File Their Application As *Amicus Curiae* In Opposition To Plaintiffs' Motion For Summary Judgment.

Plaintiffs recognize the Court's discretion to treat the Application as a motion by Movants to file an *amicus* brief in connection with the motions pending before the Court. "A court may allow a movant to participate as an *amicus curiae* as an alternative to intervention." *Moore's Federal Practice*, § 24.23[2] (Matthew Bender 3d Ed.) (noting that *amicus* status, rather than party status, may be appropriate "if a person cares about the legal principles that apply to a dispute but has no personal, legally protectable interest in the litigation."). To the extent the Court is inclined to treat the Application as a proffered *amicus* brief in connection with the pending motions, Plaintiffs take no position as to whether such *amicus* participation should be allowed.

Dated: February 3, 2014

Respectfully submitted,

By:   s/ Vanessa R. Brown
      Michael L. Banks (Pa. Bar I.D. No. 35052)
      Eric Kraeutler (Pa. Bar I.D. No. 32189)
      Joseph B.G. Fay (Pa. Bar I.D. No. 33480)
      Vanessa R. Brown (Pa. Bar I.D. No. 315115)
      Elisa P. McEnroe (Pa. Bar I.D. No. 206143)
      William O. Mandycz (admitted pro hac vice)
      Jane Manchisi (Pa. Bar I.D. No. 309085)
      Jonathan D. Wall (Pa. Bar I.D. No. 316692)
      MORGAN, LEWIS & BOCKIUS LLP
      1701 Market Street
      Philadelphia, PA 19103-2921
      215.963.5000 (telephone)
      215.963.5001 (fax)
      mbanks@morganlewis.com
      ekraeutler@morganlewis.com
      vbrown@morganlewis.com
      cmcenroe@morganlewis.com

6

        Benjamin L. Jerner (Pa. Bar I.D. No. 82695)
        Tiffany L. Palmer (Pa. Bar I.D. No. 76202)
        Jerner & Palmer, P.C.
        5401 Wissahickon Avenue
        Philadelphia, PA  19144
        215.843.6000 (telephone)
        215.843.6006 (fax)
        TPalmer@JPLaw.com
        BJerner@JPLaw.com

        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2014, a true and correct copy of the foregoing Plaintiffs' Response to Application For Leave to Intervene Filed by James Schneller and The Philadelphia Metro Task Force was filed electronically and served via ECF on all counsel of record.  Service by other means was sent as follows:

> **Via U.S. Mail**
> James D. Schneller
> 430 E. Lancaster Avenue, #E25
> Radnor, PA 19087

By: *s/ Vanessa R. Brown*
Vanessa R. Brown

DB1/ 77678414.1