# THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Cara Palladino, Isabelle Barker
plaintiffs,

v.

Thomas W. Corbett, in his official
capacity as Governor of Pennsylvania, and his
successors in office;

Kathleen Kane, in her official capacity as Attorney
General of Pennsylvania, and her successors in office,
defendants

Civil Action

No. 2:13-cv-05641-MAM

## MOTION FOR MORE DEFINITIE STATEMENT OF, OR TO STRIKE, RESPONSE TO APPLICATION TO INTERVENE AND LETTER WITH OPINION ATTACHED

Applicants for intervention James D. Schneller, and Philadelphia Metro Task Force, apply for an order directing plaintiffs to file a more definite statement of their response to application to intervene, and striking plaintiffs' letter to the Court dated , stating as follows:

1. Plaintiffs filed a response to THE application for leave to intervene ("response") on January 24, 2014.

2. Applicants request a more definite statement of the plaintiff's response because the response has no numbered paragraphsand is in all ways a memorandum of law. United States use of Truscon Steel Co. v George Dreyman, Inc. (1945, DC Pa) 4 FRD 361.

3. Applicants request a more definite statement of the plaintiff's response because their application alleges numerous statements of fact or mixed fact and law, and plaintiff's response provides little means for applicants to know which defenses and denials of fact against which they must prepare.

4. Appellants request that the letter with copy of the opinion and order denying intervention to applicants in Middle District No. 13-1861, Whitewood et al v. Wolf et al, that has been submitted to the Court, be stricken or directed to be filed as a pleading.

5. Applicants object also due to complete absence of particularization as to why said letter is pertinent by the filing party. Applicants have not been informed of what issues present in the opinion, which they might be required to defend.

6. The letter has not been filed of record.

7. The letter is unintelligible as a pleading. Even if the letter and opinion are intended as a general statement of res judicata or issue preclusion, there is no pleading discussing the claims and issues purported to be precluded nor why the opinion can stand as law of the case.

**8.** The response is unintelligibile as an answer. This causes the letter to also be further unintelligible and vague.

> WHEREFORE, movants respectfully request the Court's order directing plaintiffs to file an amended response to motion to intervene, which states more definitely their answer.
>
> WHEREFORE, movants respectfully request the Court's order striking the letter with opinion attached, served on the Court, or instrustions to file the letter as or with a pleading.

*/s/ James D. Schneller*

James D. Schneller         pro se
Philadelphia Metro Task Force
430 East Lancaster Avenue    #E 25
Radnor, PA 19087  610-688-9471

Date: February 17, 2014

THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

Cara Palladino, Isabelle Barker
plaintiffs,
v.

Thomas W. Corbett, in his official
capacity as Governor of Pennsylvania, et al
defendants

Civil Action

No. 2:13-cv-05641-MAM

CERTIFICATE OF SERVICE

I, James Schneller, hereby certify that I served a true and correct copy of the motion for more definite statement and to strike letter, upon the parties, by USPS 1st Class mail, and email as follows:

William H. Lamb Esquire
Lamb McErlane P.C.
P.O. Box 565
West Chester, PA 19381-0565

Mary Abbegael Giunta Esquire
Pennsylvania Office of the Attorney General
Strawberry Square   15th Floor
Harrisburg, PA 17120

Benjamin L. Jerner Esquire
Jerner & Palmer PC
5401 Wissahickon Avenue
Philadelphia, Pa 19144

Eric Kraeutler Esquire
Morgan Lewis Bockius LLP
1701 Market St
Philadelphia, Pa 19103-2921

_____
James D. Schneller         pro se

Date: February 18, 2013