IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CARA PALLADINO, et al.          :          CIVIL ACTION
                                :
          v.                    :
                                :
THOMAS W. CORBETT, et al.       :          NO. 13-5641

MEMORANDUM

McLaughlin, J.                                  March 3, 2014

        The plaintiffs in this action, a same-sex couple who
were married in Massachusetts and are now residents of
Pennsylvania, seek a declaration that both 23 Pa. Cons. Stat.
§ 1704, and Section 2 of the Defense of Marriage Act, 28 U.S.C.
§ 1738C, are unconstitutional.  The plaintiffs also seek a
permanent injunction directing the defendants to recognize their
Massachusetts marriage, as well as the legal out-of-state
marriages of similarly situated same-sex couples.

        The Court considers here an application for leave to
intervene filed by Mr. James D. Schneller, a resident of the
Philadelphia suburbs, representing himself and the Philadelphia
Metro Task Force ("Task Force," and together, "movants").  The
Task Force is a "community organization formed to support and
encourage upholding of family values and morality in
government."  Appl. ¶ 2, ECF No. 29.  For the reasons that
follow, the Court will deny the application.

I.   <u>Background</u>[1]

   A.   <u>Procedural History</u>

      The plaintiffs filed their complaint on September 26, 2013.  A motion to dismiss by Pennsylvania Governor Thomas Corbett was filed on November 25, 2013.  A motion to dismiss by Pennsylvania Attorney General Kathleen Kane was filed on December 9, 2013.  The plaintiffs' opposition to the motions to dismiss, and their motion for summary judgment, were filed on January 13, 2014.  The movants filed their application for leave to intervene on January 17, 2014.  The plaintiffs filed a response to that motion on February 3, 2014.

   B.   <u>Application to Intervene</u>[2]

      The movants defend the Pennsylvania statute at issue in this case, but oppose the motion to dismiss of Attorney General Kane.  <u>See</u> Appl. ¶ 50.  The movants allege that the

---

      [1] The Court must accept as true the non-conclusory allegations made in support of the motion to intervene.  <u>See</u> <u>Olympic Sports Data Servs., Ltd. v. Maselli</u>, No. 07-117, 2008 WL 5377626, at *2 (E.D. Pa. Dec. 22, 2008).

      [2] The movants attach to their application a document entitled "Response to Motion to Dismiss Action of Respondent Attorney General Kathleen Kane and [] Motion to Stay the Deadline."  Appl., Ex., ECF No. 29-1.  Because the Court denies the application to intervene, it will not consider this filing in opposition to Attorney General Kane's motion to dismiss.

plaintiffs have caused Norristown, Montgomery County, and the Philadelphia metropolitan region to endure "derogation of rights to comfort, and basic necessities like safety and well-being, and derogation of additional rights including rights to defend liberty and property; causing . . . emotional distress, [and] perception of failure of official duty." Id. ¶ 42.

The movants support their ability to intervene of right by their interests in "liberty, religious expression, freedom from seizure and confiscation, and other basic rights, and regarding property as well." Furthermore, movants state that "[r]everse discrimination" is threatened "amidst a continual omission of religious and moral freedom." Id. ¶ 38.

The movants contend that this case may impair and impede their ability to "protect their interests" and "to enjoy constitutionally guaranteed rights." Id. ¶ 3. Furthermore, the movants' interests differ from those of the defendants and are not likely to be fully protected by the existing parties to this litigation because "recent decisions . . . indicate a trend to omit or un-prioritize health-, moral- and traditional family-related considerations." Id. ¶¶ 3, 16.

The movants claim that any decision in favor of the plaintiffs would result in "practical impairment" of the movants' ability to protect their interests, "including

discrimination on basis of religious beliefs, on basis of moral beliefs, and on basis of ancestry," as well as age.  Id. ¶ 41. The movants are concerned that they would be bound by disposition of this case and any resulting litigation, "certain to affect liberty, equal treatment, and free speech interests." Id. ¶ 43.

The movants seek to supplement the factual evidence in the case beyond what the defendants may present.  Id. ¶¶ 5-7. For example, the movants state that they participated in municipal human relations commissions proceedings regarding a new protected class based on "sexual orientation," and so can assist in a "balanced factual presentation" in this case.  Id. ¶ 8.  The movants' intervention would "deeply affect the posture and merit" of both the motion for summary judgment and the motion to dismiss by Attorney General Kane.  Id. ¶ 15.

The movants also state that no party will be prejudiced by their request to intervene at this stage in the litigation because motions to dismiss are pending, the United States may elect to intervene in this action or before March 14, 2014, and discovery has not yet begun.  Id. ¶ 13.

The movants argue that they have standing to intervene because they are "Pennsylvania taxpayers objecting to what would be exorbitant expenditures of commonwealth principal, . . .

4

including administrative upheaval requiring voluminous changes

to software, policy, and the justice system."  Id. ¶ 54.

       The plaintiffs argue that the movants lack standing to

intervene to defend[3] and the movants' filing does not comply with

the requirements of Federal Rule of Civil Procedure 24.[4]

Specifically, the plaintiffs argue that the movants have not

demonstrated that their interests are not adequately represented

---

[3] District courts in the Third Circuit have determined that
Article III standing is not a prerequisite for intervention as a
matter of right.  See Am. Farm Bureau Fed'n v. U.S. Envtl. Prot.
Agency, 278 F.R.D. 98, 111 n.6 (M.D. Pa. 2011); CSX Transp.,
Inc. v. City of Phila., No. 04-5023, 2005 WL 1677975, at *2
(E.D. Pa. July 15, 2005); see also Am. Auto. Ins. Co. v. Murray,
658 F.3d 311, 318 n.4 (3d Cir. 2011) (noting circuit split).
Because the Court addresses, and denies, the motion to intervene
on its merits, the Court does not determine whether the movants
have Article III standing.

[4] All motions to intervene under Rule 24 "must state the
grounds for intervention and be accompanied by a pleading that
sets out the claim or defense for which intervention is sought."
Fed. R. Civ. P. 24(c).  The movants' application is not
accompanied by any such pleading, nor does the motion itself set
forth with any specificity the nature of the claims or defenses
that the movants wish to assert, or against whom they would
assert them.  Nor does the movants' "Response to Motion to
Dismiss Action of Respondent Attorney General Kathleen Kane and
[] Motion to Stay the Deadline," attached as an exhibit to the
application, set out "the claim or defense for which
intervention is sought," as required under the Rules.  Motions
to intervene have been granted by courts within the Third
Circuit, however, despite a movant's failure to adhere precisely
to the requirements of Rule 24(c), where the purpose of
intervening was sufficiently clear.  See Porter v. T.D. Bank,
N.A., No. 10-7243, 2011 WL 925734, at *2 (E.D. Pa. Mar. 14,
2011).  Because Schneller is proceeding pro se, the Court
declines to deny his motion to intervene on the basis of failure
to comply with Rule 24(c).

5

by the existing parties.  The plaintiffs take no position as to whether the movants should be allowed to participate as amicus curiae.  Pls.' Opp'n at 2-5, ECF No. 30.

II.  Legal Standard

Federal Rule of Civil Procedure 24 governs the two types of intervention in pending federal actions.  Rule 24(a) provides the basis for intervention of right, while Rule 24(b) provides the basis for permissive intervention.

Although the application to intervene does not cite Rule 24 and makes no explicit argument as to intervention of right or permissive intervention, the Court analyzes the application under Rule 24.  Cf.  Appl. ¶ 38 (including the phrase "intervention of right").

A.  Intervention of Right

Subsection (a) of Rule 24 provides:

> On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

The Third Circuit has interpreted Rule 24(a)(2) to require the intervenor applicant to prove the following four elements:  (1) a timely application for leave to intervene; (2) a sufficient interest in the litigation; (3) a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action; and (4) inadequate representation of the prospective intervenor's interest by existing parties to the litigation.  Kleissler v. U.S. Forest Serv., 157 F.3d 964, 969 (3d Cir. 1998).

The party seeking to intervene bears the burden of demonstrating that intervention is appropriate.  See United States v. Alcan Aluminum, Inc., 25 F.3d 1174, 1181 n.9 (3d Cir. 1994) (burden of proving all four elements under Rule 24(a) "falls on the applicant"); see also Sch. Dist. of Phila. v. Pa. Milk Mktg. Bd., 160 F.R.D. 66, 68 (E.D. Pa. 1995) (failure to "satisfy any one of these requirements precludes an applicant from intervening as of right").

B.   Permissive Intervention

Pursuant to Federal Rule of Civil Procedure 24(b), a person or an entity who is not a named party in an action may seek to intervene in the interested litigation.  Rule 24(b) provides:  "On timely motion, the court may permit anyone to

7

intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1).

A proposed intervenor must show that: (1) its motion is timely; (2) it has questions of law or fact in common with the anchoring suit; and (3) intervention will not cause undue delay or prejudice to the original parties. If a third party can satisfy these requirements, the court may, in its discretion, grant that third party permissive intervention. In re Johnson & Johnson Derivative Litig., 900 F. Supp. 2d 467, 478 (D.N.J. 2012).

III. Discussion

A. Intervention of Right[5]

The Court will deny the movants' application to intervene of right because the movants do not identify a sufficient interest they might have at stake in this litigation, nor do they demonstrate why their interests are not adequately represented by an existing party.

---

[5] The plaintiffs do not challenge the timeliness of the movants' application. Pls.' Opp'n at 4.

1.   <u>Legally Cognizable Interest</u>

To justify intervention of right, the applicant must have an interest "relating to the property or transaction which is the subject of the action" that is "significantly protectable" and is "a legal interest as distinguished from interests of a general and indefinite character." <u>Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.</u>, 72 F.3d 361, 366 (3d Cir. 1995) (quoting <u>Harris v. Pernsley</u>, 820 F.2d 592, 601 (3d Cir. 1987)).

The Third Circuit has, however, recognized that no "'precise and authoritative definition' of the interest that satisfies Rule 24(a)(2)" exists. <u>Kleissler</u>, 157 F.3d at 969 (quoting <u>Mountain Top Condo. Ass'n</u>, 72 F.3d at 366).  Indeed, there is no "pattern that will easily support or defeat intervention in all circumstances." <u>Id.</u> at 970.  Instead, in determining motions to intervene, "courts should adhere to the 'elasticity that Rule 24 contemplates'" and "may examine pragmatic considerations." <u>Imable-Mayorga v. Labrie</u>, No. 09-3567, 2010 WL 3259785, at *2 (D.N.J. Aug. 17, 2010) (quoting <u>Kleissler</u>, 157 F.3d at 970).

As the Court in <u>Kleissler</u> stated,

> [T]he polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote.  Due regard for efficient conduct

of the litigation requires that intervenors should
have an interest that is specific to them, is capable
of definition, and will be directly affected in a
substantially concrete fashion by the relief sought.
The interest may not be remote or attenuated . . . .

157 F.3d at 972.

The movants seek to intervene to protect their
interests in "liberty, religious expression, [and] freedom from
seizure and confiscation." Appl. ¶ 38. Ultimately, the movants
seek to undermine the plaintiffs' arguments, add factual context
to the record based on the movants' "family values" perspective,
and defend the statute at issue. These interests are
insufficiently direct or specific to movants to warrant
intervention. See Sch. Dist. of Phila., 160 F.R.D. at 68
(holding that trade association of dairy farmers did not
demonstrate direct interest in action challenging
constitutionality of minimum milk resale prices where farmers
would be unaffected by a successful action).

The movants claim that any decision favorable to the
plaintiffs will impair their interests, resulting in
"discrimination on [the] basis of religious beliefs, . . . moral
beliefs, . . . ancestry," and age. Appl. ¶ 41. The movants
would be bound by disposition of this case and any resulting
litigation, "certain to affect liberty, equal treatment, and
free speech interests." Id. ¶ 43. Movants also fear that

10

"[r]everse discrimination" is threatened "amidst a continual omission of religious and moral freedom." Id. ¶ 38.

These statements are conclusory at best and delineate only a general, attenuated interest that could presumably be raised by any other Pennsylvania citizen so inclined. Furthermore, the movants' application is unclear as to how any relief requested by the plaintiffs would directly affect those interests. Therefore, the Court determines that the movants do not have a sufficient interest in this litigation to intervene of right.

2.   Inadequacy of Representation

Even if the Court were to conclude that the movants have a sufficient interest in this litigation, they have failed to establish that their interest is not adequately represented by an existing party. For this requirement, "[t]he burden, however minimal, . . . is on the applicant for intervention to show that his interests are not adequately represented by the existing parties." Hoots v. Pennsylvania, 672 F.2d 1133, 1135 (3d Cir. 1982).

Representation will be considered inadequate on any of the following three grounds:  (1) that although the applicant's interests are similar to those of a party, they diverge

11

sufficiently that the existing party cannot devote proper attention to the applicant's interests; (2) that there is collusion between the representative party and the opposing party; or (3) that the representative party is not diligently prosecuting the suit.  Brody ex rel. Sugzdinis v. Spang, 957 F.2d 1108, 1123 (3d Cir. 1992).  A prospective intervenor need only show that representation may be inadequate, not that it is, in fact, inadequate.  See Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10 (1972).

In cases where the interest of the applicant is identical to that of one of the existing parties, or one of the existing parties is charged by law with representing the interests of the applicant, representation will presumed adequate unless special circumstances are shown.  7C Charles Alan Wright et al., Federal Practice & Procedure:  Civil § 1909, at 394-95 (3d ed. 2007).  The cases in which a member of the public has been allowed to intervene in an action in which the United States, or some other governmental agency, represents the public interest are cases in which a very strong showing of inadequate representation has been made.  Id. § 1909, at 429-30.

For example, the Third Circuit in Kleissler held that:

A government entity charged by law with representing
national policy is presumed adequate for the
task . . . particularly when the concerns of the

12

proposed intervenor, _e.g._, a "public interest" group, closely parallel those of the public agency.  In that circumstance, the "would-be intervenor [must make] a strong showing of inadequate representation." . . . [B]ut the presumption notwithstanding, when an agency's views are necessarily colored by its view of the public welfare rather the more parochial views of a proposed intervenor whose interest is personal to it, the burden is comparatively light.

157 F.3d at 972 (quoting Mausolf v. Babbitt, 85 F.3d 1295, 1303 (8th Cir. 1996)).

Similarly, a state government is presumed to adequately represent the interests of its citizens.  See 7C Wright et al., supra, § 1909, at 418-22; see also Del. Valley Citizens' Council for Clean Air v. Pennsylvania, 674 F.2d 970, 972-74 (3d Cir. 1982); Coal. to Defend Affirmative Action v. Regents of Univ. of Mich., 701 F.3d 466, 490-91 (6th Cir. 2012) (finding that the state attorney general adequately represented the interests of a proposed intervenor in an action challenging a state constitutional amendment because both sought to validate the amendment, even though the state attorney general agreed to delay the amendment's application, but the intervenor wanted immediate enforcement), cert. granted, 133 S. Ct. 1633 (2013); Gonzalez v. Arizona, 485 F.3d 1041, 1051-52 (9th Cir. 2007) (affirming denial of motion to intervene where citizen group failed to demonstrate that the state's representatives would not adequately represent the group's interest in an action where

13

"[n]othing in the record . . . suggests that defendants are
unwilling or unable to defend [the proposition] . . . [and] they
have done so at every level of the federal courts"); Ingebretsen
ex rel. Ingebretsen v. Jackson Pub. Sch. Dist., 88 F.3d 274,
280-81 (5th Cir. 1996) (affirming denial of intervention as of
right where organization's interest in action challenging a
state statute involving public school prayer was adequately
represented by the state attorney general who "can assert the
rights of all [state citizens] affected by the law").

        Throughout their application, the movants question
whether Attorney General Kane will adequately represent their
interests in defending the statute.  However, the movants do not
question whether Governor Corbett will defend the
constitutionality of the Pennsylvania statute at issue.  See
Appl. ¶¶ 21, 25.  The movants have not overcome the presumption
that either, or both, of the state governmental officials named
as defendants will adequately represent their interests, as
Pennsylvania citizens, in "liberty, religious expression,
freedom from seizure and confiscation, and other basic rights,
and regarding property as well."  Id. ¶ 38.[6]  Therefore, the

---

    [6] The Court notes that it does not decide whether the
current defendants are the proper ones, which is at issue in the
pending motions to dismiss.

movants have not shown that their interests are not adequately
represented by the existing defendants.


     B.   Permissive Intervention

     The movants make no clear argument in support of
permissive intervention.  The movants do not point to any common
question of law or fact in their application.  Furthermore, the
movants have not demonstrated that their participation will not
"unduly delay or prejudice the adjudication of the original
parties' rights."  Fed. R. Civ. P. 24(b)(3).

     Based on the movants' actions thus far in this case,
the Court is concerned that the movants would "seek to file more
claims, amend pleadings even further, and inject issues that may
not lead directly to a resolution of the issues circumscribed by
the present pleadings."  Coal. to Defend Affirmative Action v.
Granholm, 501 F.3d 775, 784 (6th Cir. 2007).  To the extent that
the movants raise "reverse discrimination" or other "family
values" issues, they could delay the action because those issues
are only tangentially related to the plaintiffs' complaint.

     Furthermore, the movants' application evinces only a
general ideological interest in this lawsuit.  The movants have
stated ideological arguments in opposition to the plaintiffs'
complaint, but they have not raised legal arguments persuasive

to this Court.  The movants have also not identified how their
ideological interests would be affected by this litigation in
any concrete way.  The generalized and attenuated harm suggested
by the movants, whether as taxpayers or to their religious or
moral beliefs, does not persuade the Court that permissive
intervention is warranted here.

        The Court finds persuasive the reasoning of Northland
Family Planning Clinic, Inc. v. Cox, 487 F.3d 323 (6th Cir.
2007).  There, the Sixth Circuit affirmed the district court's
denial of permissive intervention by an advocacy organization
opposing abortions in an action challenging the
constitutionality of a statute that generally restricted
physicians' performance of abortion.  Because the organization
was openly hostile to plaintiffs and took an ideological
approach to the litigation, rather than making legal arguments,
the Court determined that the organization's presence as an
intervenor would seriously delay the adjudication of the matter.
Id. at 346.  Similarly, the movants request for permissive
intervention here is denied.

        C.   Amicus Curiae

        Although the movants have not explicitly requested to
participate in this case as amicus curiae, the plaintiffs have

stated that they take no position as to whether the movants
should be allowed to participate as amicus curiae in this
matter.  The Court denies the movants the ability to participate
via amicus briefing.  A district court has inherent authority to
designate amici curiae to assist it in a proceeding.  Liberty
Res., Inc. v. Phila. Hous. Auth., 395 F. Supp. 2d 206, 209 (E.D.
Pa. 2005) (citing cases).

        The Third Circuit has held that even when an applicant
is not entitled to intervene, it may still make its position
heard in the position of friend of the court, or as intervenor
for a limited purpose.  Harris, 820 F.2d at 603.  As the First
Circuit stated in Strasser v. Doorley, 432 F.2d 567 (1st Cir.
1970):

        We recognize that the acceptance of amicus briefs
    is within the sound discretion of the court, and that
    by the nature of things an amicus is not normally
    impartial.  Furthermore, if an amicus causes the
    district court to make an error of law—an amicus who
    argues facts should rarely be welcomed—the error can
    be corrected on appeal.  Nonetheless, we believe a
    district court lacking joint consent of the parties
    should go slow in accepting, and even slower in
    inviting, an amicus brief unless, as a party, although
    short of a right to intervene, the amicus has a
    special interest that justifies his having a say, or
    unless the court feels that existing counsel may need
    supplementing assistance.

Id. at 569 (footnotes omitted); see also Linker v. Custom-Bilt
Mach. Inc., 594 F. Supp. 894, 897-98 (E.D. Pa. 1984).

Here, the movants argue that they will add to the factual context of this case and assist in "balanc[ing] the record." Appl. ¶ 5.  Such factual assistance, however, is disfavored.  There are no legal arguments made by the movants that would assist current counsel, and the Court cannot determine any "special interest" held by the movants that entitles them to participate in this action.  None of the factors noted in <u>Strasser</u> support permitting the movants to appear as amicus, and the Court sees no benefit to be gained by permitting the movants to appear as amicus curiae.

IV.  <u>Conclusion</u>

For the reasons stated above, the Court will deny both the movants' request to intervene of right and to permissively intervene.  The Court will therefore deny the application to intervene in its entirety.  An appropriate Order shall issue.

18