```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA


CARA PALLADINO, et al.        :      CIVIL ACTION
                              :
        v.                    :
                              :
THOMAS W. CORBETT, et al.     :      NO. 13-5641
```

<u>ORDER</u>

AND NOW, this 24th day of March, 2014, upon consideration of the Motion for Reconsideration with Motion to Amend the Pleading (Docket No. 46), filed by James D. Schneller and the Philadelphia Metro Task Force (together, "movants"), IT IS HEREBY ORDERED that the motion is denied.  IT IS FURTHER ORDERED that the Court denies the movants' request for leave to file their amended application to intervene.

On January 17, 2014, the movants filed an application for leave to intervene.  The Court denied that application on March 3, 2014 (Docket Nos. 39, 40), along with Schneller's additional requests for leave to register as an ECF user in this case, and the movants' motion for more definite statement or to strike the plaintiffs' response to the application.  Finally, the Court declined to hold a hearing or oral argument on the application to intervene.  On March 20, 2014, the movants filed a motion for reconsideration under Federal Rule of Civil Procedure 59.

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure and must be made "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). This Court denied the application to intervene on March 3, 2014, and the movants' motion for reconsideration was filed on March 20, 2014. Therefore, this motion is timely under Rule 59 and will be addressed on the merits. See, e.g. Assisted Living Grp., Inc. v. Upper Dublin Twp., No. 97-3427, 1997 WL 762801, at *1 (E.D. Pa. Dec. 8, 1997) (applying Rule 59(e) to a motion for reconsideration of a denial of a motion to intervene).

A party is entitled to have a court reconsider its earlier decision in the following circumstances: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not [previously] available . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Id. (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). Motions to reconsider will only be granted for compelling reasons, not for addressing

2

arguments that a party should have raised earlier. United States v. Dupree, 617 F.3d 724, 732 (3d Cir. 2010).

The movants argue that the Court has committed errors of law and fact in the denial of the application to intervene. Mot. ¶ 3. First, the movants argue that the Court has denied their application without a hearing or opportunity for argument on the merits. Id. ¶ 6. Second, the movants argue that the plaintiffs have not filed a proper or sufficient answer to the application. Id. ¶ 7. Furthermore, the Court erred in "finding a separateness of some of applicant's claims and classification of them as tangential and ideological." Id. ¶ 11. The movants also request that their application for intervention be amended to add more specificity to their allegedly harmed interests and to the elements needed for intervention. Id. The Court's decision was entered with "prejudgment," according to movants, and they "hope to heighten the defense by adding reasons and issues or sub-issues, though they may not constitute new evidence per se, yet these have been precluded." Id. ¶¶ 14, 19.

The Court finds that this motion does not meet the standard entitling the movants to have the Court reconsider its decision denying the application to intervene. First, the movants cite no intervening change in law. Second, the movants introduce no new evidence justifying their intervention. See id. ¶ 19.

3

Lastly, the movants do not cite errors of law or fact that would justify the Court's reconsideration of its earlier decision. The movants argue that there was a denial of due process because the Court denied the application to intervene without a hearing. Id. ¶¶ 6, 8. Reconsideration need not be granted on the grounds that a motion was granted without oral argument. See Conway v. A.I. DuPont Hosp. for Children, No. 04-4862, 2009 WL 1492178, at *6 n.7 (E.D. Pa. May 26, 2009). Furthermore, oral argument is not required before the Court rules on a given motion. Local Rule of Civil Procedure 7.1(f) provides that "[a]ny interested party may request oral argument on a motion," but "[t]he court may dispose of a motion without oral argument." E.D. Pa. Local R. Civ. P. 7.1(f); see also AIG Baker Shopping Ctr. Props., LLC v. Deptford Twp. Planning Bd., No. 04-5849, 2006 WL 83107, at *9 (E.D. Pa. Jan. 10, 2006) (noting that Federal Rule of Civil Procedure 78 "grants a district judge wide discretion to decide whether to hear oral argument on a particular motion, or instead, to decide it on the papers"). Therefore, the Court's denial of the application to intervene without argument did not violate the movants' due process rights, especially where the movants fail to advise the Court as to how oral argument would have changed the result. Cf. Hower v. Wal-Mart Stores, Inc., No. 08-1736, 2009 WL 2047892, at *3-4 (E.D. Pa. July 10, 2009) (quoting Cruz v.

4

Melecio, 204 F.3d 14, 19 (1st Cir. 2000) ("There is nothing fundamentally unfair about the summary judgment process, nor does the absence of an opportunity to supplement written submissions with oral advocacy constitute a denial of due process.")).

The movants also argue that there was a denial of due process because the plaintiffs "have not filed a proper or sufficient [] answer to the application to intervene." Mot. ¶¶ 7, 8. The movants also filed a motion on that point (Docket No. 37), which the Court denied as moot. Local Rule of Civil Procedure 7.1(c) provides that a party opposing a motion has fourteen days to serve a brief in opposition, if the motion is not certified as uncontested or governed by Local Rule 26.1(g), governing discovery disputes. E.D. Pa. Local R. Civ. P. 7.1(c). The Court notes that it has the inherent discretion to depart from the Local Rules in appropriate cases. See United States v. Eleven Vehicles, Their Equip. & Accessories, 200 F.3d 203, 214 (3d Cir. 2000). In any event, the plaintiffs in this action did file a timely seven-page response to the movants' application to intervene that squarely dealt with the legal issues raised in that application. (Docket No. 30). Furthermore, the Court notes that the movants do not raise any argument that neither of the defendants filed an opposition to the movants' application. The

5

Court concludes that the movants do not raise any argument that justifies reconsideration of the Court's earlier ruling.

The Court did not prejudge the movants' application to intervene, and the movants have not shown any reason for this Court to reconsider its earlier decision.  Accordingly, the Court declines to consider the amended application to intervene attached to the movants' motion for reconsideration.

                                        BY THE COURT:

                                      <u>/s/ Mary A. McLaughlin</u>
                                      MARY A. McLAUGHLIN, J.