UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARA PALLADINO and<br>ISABELLE BARKER<br><br>         Plaintiffs,<br><br>     v.<br><br>THOMAS W. CORBETT, in his official<br>capacity as Governor of Pennsylvania,<br>and his successors in office;<br>and KATHLEEN KANE, in her official<br>capacity as Attorney General of<br>Pennsylvania, and her successors in office,<br><br>         Defendants. | Civil Case No. 13-05641<br><br>Judge Mary A. McLaughlin |

## STATEMENT OF INTEREST OF THE UNITED STATES

### INTRODUCTION

On November 1, 2013, this Court certified to the Attorney General of the United States that the constitutionality of Section 2 of the Defense of Marriage Act ("DOMA") has been called into question by Plaintiffs, who are Pennsylvania residents seeking Pennsylvania's recognition of their same-sex marriage entered into in Massachusetts. *See* Certification Pursuant to 28 U.S.C. § 2403 [Dkt. 15]. The United States requested, and was granted, extensions of time until April 4, 2014 to assess the propriety of its intervention in this case following the completion of the parties' dispositive motions. The United States now files this Statement of Interest, *see* 28 U.S.C. § 517, to advise the Court that it will not intervene at this time because the Court can and should resolve this case without reaching the issue of Section 2's constitutionality.

Plaintiffs lack standing to challenge Section 2 of DOMA because the harm they claim is caused not by Section 2, but by the Pennsylvania statute prohibiting recognition of their same-sex marriage. This Court can accordingly resolve this case solely by determining the constitutionality of the Pennsylvania statute, and it need not and should not address Plaintiffs' conditional challenge to Section 2. Courts should "not reach constitutional issues unnecessarily," *Egolf v. Witmer*, 526 F.3d 104, 106 n.2 (3d Cir. 2008), and should particularly avoid "[s]triking down an Act of Congress," which is "'the gravest and most delicate duty that [a] [c]ourt is called on to perform,'" *Shelby County, Ala. v. Holder*, 133 S. Ct. 2612, 2631 (2013) (citation omitted)), when the circumstances do not require it. If, however, the Court were nevertheless to conclude at some point that this case requires it to address the construction or constitutionality of Section 2, the United States respectfully requests leave to intervene at that time. *See* 28 U.S.C. § 2403(a).

**RELEVANT BACKGROUND**

Plaintiffs are a same-sex couple residing in Pennsylvania who were legally married in Massachusetts while residents there. *See* Compl. ¶ 3. They brought this suit to challenge the constitutionality of a Pennsylvania statutory provision that declares that it is "the strong and longstanding public policy of this Commonwealth that marriage shall be between one man and one woman," and that "[a] marriage between persons of the same sex which was entered into in another state or foreign jurisdiction, even if valid where entered into, shall be void in this Commonwealth." 23 Pa. Con. Stat. § 1704; *see* Compl. ¶¶ 1, 10. Plaintiffs allege that Section 1704's exclusion of their same-sex marriage from marriage recognition under Pennsylvania law has caused them substantial harm. *See* Compl. ¶¶ 36-40. They argue that Section 1704 violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment, the Full Faith and

Credit Clause of Article IV, Section 1, of the Constitution, and a constitutional right to travel. *See id*. ¶ 10; *see also* Pls.' MSJ [Dkt. 27] at 57 n.29 (citing the Privileges and Immunities Clause of Article IV, Section 2 of the Constitution, and the Privileges or Immunities and Equal Protection Clauses of the Fourteenth Amendment in support their claim of a fundamental right to travel).

Plaintiffs also challenge the constitutionality of Section 2 of DOMA on these bases (other than a right to travel), but only to the extent that Section 2 is deemed to provide independent authorization for Section 1704. Compl. ¶ 2 ("to the extent that the Pennsylvania statute purports to be authorized by federal law, specifically, Section 2 of [DOMA], Plaintiffs similarly challenge the constitutionality of Section 2 of DOMA"); Pls.' MSJ [Dkt. 27] at 49 ("To the extent Section 2 of DOMA purports to allow the Commonwealth to refuse to adhere to the strictures of the Full Faith and Credit Clause of the Constitution, it exceeds Congress's power under the Constitution.").

> Section 2, enacted by Congress in 1996, provides as follows:
>
> No State, territory, or possession of the United States, or Indian tribe, shall be required to give effect to any public act, record, or judicial proceeding of any other State, territory, possession, or tribe respecting a relationship between persons of the same sex that is treated as a marriage under the laws of such other State, territory, possession, or tribe, or a right or claim arising from such relationship.

28 U.S.C. § 1738C. As this language indicates, Section 2 does not require that States take any particular position on recognition of same-sex marriages, but provides that no State is required to provide such recognition.

**STATEMENT**

**THIS COURT NEED NOT REACH THE ISSUE OF THE CONSTITUTIONALITY OF SECTION 2 OF DOMA**

It is well-established that a court should avoid reaching the issue of the constitutionality of an Act of Congress unless essential to the decision of a case. *Ashwander v. Tenn. Valley Authority*, 297 U.S. 288, 345–48 (1936) (Brandeis, J., concurring) ("The Court will not 'anticipate a question of constitutional law in advance of the necessity of deciding it.'") (quoting *Liverpool, N.Y. & P.S.S. Co. v. Emigration Comm'rs*, 113 U.S. 33, 39 (1885)); *Egolf*, 526 F.3d at 106 n.2 ("We do not reach constitutional issues unnecessarily . . . ."); *Gavin v. Peoples Natural Gas Co.*, 613 F.2d 482, 484 (3d Cir. 1980) ("The general rule, based upon overriding policy considerations, is to avoid constitutional issues unless essential to the decision of a case.") (citing *Ashwander*); *Stoner v. Presbyterian Univ. Hosp.*, 609 F.2d 109, 111 (3d Cir. 1979) ("A basic principle of judicial review holds that a court will not 'anticipate a question of constitutional law in advance of the necessity of deciding it.'") (quoting *Ashwander*). For the reasons discussed below, the United States respectfully submits that a determination of the constitutionality of Section 2 of DOMA is not necessary for the resolution of this case.

**A.  Plaintiffs Lack Standing to Challenge Section 2 of DOMA.**

As an initial matter, Plaintiffs lack Article III standing to challenge the constitutionality of Section 2, because their alleged injury is neither traceable to Section 2 nor redressable by a judgment that Section 2 is unconstitutional. *See Clapper v. Amnesty Int'l. USA*, 133 S. Ct. 1138, 1147 (2013) ("[t]o establish Article III standing, an injury must be," among other things, "fairly traceable to the challenged action" and "redressable by a favorable ruling") (quotation marks and citation omitted). Plaintiffs' alleged injury—the non-recognition in Pennsylvania of their

Massachusetts marriage—stems solely from Section 1704, the provision of Pennsylvania law prohibiting Pennsylvania from recognizing out-of-state same-sex marriages. A declaration that Section 2 is unconstitutional would not remedy Plaintiffs' injury, because Section 1704 would still preclude Pennsylvania from recognizing their Massachusetts marriage. The only way for Plaintiffs to remedy their alleged injury is to obtain a judgment that Section 1704 itself is unconstitutional.[1]

At least one federal district court has found in circumstances similar to this case that a same-sex couple seeking recognition of their out-of-state marriage by their state of residence lacked standing to challenge Section 2 of DOMA. In *Bishop v. U.S. ex rel. Holder*, 962 F. Supp. 2d 1252 (N.D. Okla. 2014), which involved a same-sex Oklahoma couple married in California, whose marriage Oklahoma would not recognize, the court held that Section 2 was not causally related to the plaintiffs' asserted injuries. The court reasoned that "the injury of non-recognition stems exclusively from state law," *id*. at 1266, and that Section 2 "does not stand as any significant obstacle between [the plaintiffs] and recognition of their California marriage in Oklahoma," *id.* at 1267. The court explained that Section 2 "does not have any coercive or determinative effect on Oklahoma's non-recognition of [plaintiffs'] California marriage, *id.*, observing that Section 2 "does not mandate that states take any particular action, does not remove any discretion from states, does not confer benefits upon non-recognizing states, and does not punish recognizing states," *id.* at 1266. For similar reasons, Plaintiffs lack standing to challenge Section 2 of DOMA here.

---

[1] It is not surprising, therefore, that Plaintiffs' proposed order accompanying their motion for summary judgment seeks declaratory relief only as to Section 1704. [Dkt. 27] at 1.

B.  **This Court Can and Should Resolve Plaintiffs' Challenge to the Pennsylvania Statute Without Addressing the Constitutionality Of Section 2.**

If this Court determines that Section 1704 must be struck down, then Plaintiffs will obtain recognition of their marriage by Pennsylvania (the relief they seek in this case), rendering irrelevant the constitutionality of Section 2. The only possible reason to address the constitutionality of Section 2 in this case would be if the Court were to conclude that the constitutionality of Section 2 is a necessary prerequisite to the constitutionality of the Pennsylvania statute that is the actual cause of Plaintiffs' alleged injury. Defendants in this case, however, have not relied on Section 2 to support the constitutionality of Pennsylvania's Section 1704. Defendant Pennsylvania Attorney General Kathleen Kane did not invoke Section 2 in her motion to dismiss or opposition to Plaintiffs' motion for summary judgment. Defendant Governor Thomas Corbett has argued that Section 2 is a valid exercise of Congress's power under the Full Faith and Credit Clause of the Constitution, but he also has argued that a determination as to the constitutionality of Section 2 "would have no effect" on the Pennsylvania law challenged by Plaintiffs: "*With or without DOMA*, the Full Faith and Credit Clause does not compel Pennsylvania to define and recognize marriage according to Massachusetts law." Corbett MTD [Dkt. 20-1] at 36 (emphasis added); *see also* Corbett Resp. Mem. [Dkt. 38] at 28 (same). In light of Defendants' arguments, this Court need not and should not reach the question of Section 2's validity.

Even if Defendants in this case had relied on Section 2 to support Section 1704, it is well-settled that the Court should address all other possible arguments about Section 1704's constitutionality before addressing an argument that might require adjudication of Section 2's constitutionality. Were the Court to conclude either that Section 1704 violates the Equal

6

Protection or Due Process Clauses or a right to travel, or that it withstands those constitutional challenges and would also be constitutional under the Full Faith and Credit Clause even in the absence of Section 2, then the Court would have no need to address (1) whether Section 2 is relevant to Section 1704's constitutionality under the Full Faith and Credit Clause, or (2) whether Section 2 itself is constitutional.  In *Bourke v. Beshear*, -- F. Supp. 2d --, 2014 WL 556729, at *1 (W.D. Ky. Feb. 12, 2014), for example, the court concluded that Kentucky law's "denial of recognition for valid same-sex marriages violates the United States Constitution's guarantee of equal protection under the law;" it then explained that "Section 2 of DOMA, as a permissive statute, is not necessary to the disposition of Plaintiffs' case" and thus declined to "analyze its constitutionality." *Id*. n.9.  If the Court nevertheless determines that it must address those Section 2 questions, the government would seek leave to intervene at that point.

## CONCLUSION

The United States' decision not to intervene at this time is based on the fact that consideration of Section 2 is not necessary to this Court's resolution of this case and on the well-settled principle that a court should avoid deciding the constitutionality of an Act of Congress whenever possible.  If this Court nevertheless concludes that it is necessary to construe or decide the constitutionality of Section 2, then the United States respectfully requests that the Court afford it an opportunity to intervene at the appropriate time.  *See* 28 U.S.C. § 2403(a).

Dated:  April 4, 2014                    Respectfully submitted,

                                                         STUART F. DELERY
                                                         Assistant Attorney General

                                                         ZANE DAVID MEMEGER
                                                         United States Attorney

```
```
ARTHUR R. GOLDBERG
Assistant Branch Director

*/s/Jean Lin*
Jean Lin
Jennie L. Kneedler
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:    (202) 514-3716
Fax:    (202) 616-8470
jean.lin@usdoj.gov

ARTHUR R. GOLDBERG
Assistant Branch Director

*/s/Jean Lin*
Jean Lin
Jennie L. Kneedler
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:    (202) 514-3716
Fax:    (202) 616-8470
jean.lin@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2014 a true and correct copy of the foregoing Statement of Interest of the United States was filed electronically and served via ECF on all counsel of record.

By:   */s/ Jean Lin*
      Jean Lin