## THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

Cara Palladino, Isabelle Barker
plaintiffs,

v.

Thomas W. Corbett, in his official
capacity as Governor of Pennsylvania, and his
successors in office;

Kathleen Kane, in her official capacity as Attorney
General of Pennsylvania, and her successors in office,
defendants

Civil Action

No. 2:13-cv-05641-MAM

## MOTION FOR STAY PENDING ACTION ON MOTION TO FILE AMENDED APPLICATION TO INTERVENE

James D. Schneller, representing himself, and Philadelphia Metro Task Force, in all ways possible, ("Citizens") move for an order staying trial and any proceedings on the merits of plaintiffs' complaint, pending action on citizens' motion for leave to file an amended application to intervene, and any appeal filed by citizens, stating as follows:

1. The Court in the order entered on March 24, 2014 denied Citizens' motion for reconsideration of denial of intervention, with motion for amended findings.

2. Citizens' motion for leave to file an amended application to intervene was filed on April 16, 2014.

3. The Court has scheduled argument in this case on motions to dismiss and plaintiffs' motion for summary judgment for May 28, 2014.

4. In said order denying reconsideration, the Court has found, in the conclusion regarding amended application to intervene, that the Court "declines to consider the amended application to intervene attached to the movant's motion for reconsideration."

1

5. A stay of proceedings pending action on citizens' motion for leave to file an amended application to intervene, and any appeal filed by Citizens if said motion is denied, will ensure a full and fair proceeding.

6. Stay is urgently warranted because there is in the record (1) a likelihood of success of the appeal on the merits; (2) irreparable injury occurring and threatened to citizens if the stay is denied; (3) no substantial injury to the party opposing the stay if one is issued; and (4) granting the stay would be definitively in the public interest.

7. Citizens' proposed amended application sets forth a concise and weighty set of reasons for intervention, involving numerous available facts, and legal questions that can only assist, not hinder, the court's ability to adjudge and decide.

8. Citizens have claimed that the additional fact and law which they stand ready to submit definitively precludes summary judgment and even the motions to dismiss, because additional issues of fact will be present in any merits determination.

9. A stay of proceedings pending action on citizens' motion, and any appeal filed by citizens, and pending outcome or progress in other cases, will further the public interest.

10. Stay is warranted pending determinations in related State Court cases and another Federal case now pending, and any action imposing conditions and additional scope of stay deemed just and fair is requested.

11. The said stay will have a concurrent and preferable effect of allowing the same or nearly the same issues to be decided by the State appellate branch and/or another United States District Court, in which stay is requested by motion this day, causing needlessness of this case, or assistance and/or estoppel as to some or all issues in this case, and a presence of wider issues outside of this case, and a Federal district court has inherent discretionary authority to stay proceedings pending litigation in another court.

12. This case is not a fast track case and any claim to that effect by defendants is evidence of, among others, an intent to improperly include a peak, in what is a cyclical, political tide, in the proceedings.

13. Citizens for these reasons, claim that a stay is urgently warranted by existing law and authorities.

14. Citizens refer the Court to their memorandum of law in support of stay, attached hereto.

WHEREFORE, citizens respectfully request the Court to enter an order staying proceedings pending action on citizens' motion for amendment of the application to intervene, and any appeal filed by citizens.

WHEREFORE, citizens respectfully request the Court to find that stay is warranted pending determinations in related State Court cases, and another Federal case now pending, and an order to that effect, and any action imposing conditions and additional scope of stay deemed just and fair.

I, James D. Schneller, verify that the statements of fact made in the foregoing motion are true and correct to the best of my knowledge, information, and belief, and I attest to the truthfulness of the statements under penalty of perjury.

_____           Date: April 21, 2014
James D. Schneller         pro se

THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

Cara Palladino, Isabelle Barker
plaintiffs,
v.
Thomas W. Corbett, in his official
capacity as Governor of Pennsylvania, et al
defendants

Civil Action

No. 2:13-cv-05641-MAM

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR STAY PENDING
ACTION ON MOTION FOR RECONSIDERATION OR APPEAL

  James D. Schneller, representing himself, and Philadelphia Metro Task Force, in all ways possible, ("Citizens") present argument on their motion for a stay of trial and any proceedings on the merits of plaintiffs' complaint, pending action on citizens' motion to amend application to intervene, and any appeal filed by citizens, stating:

Requirements for Stay Are Met

  Relevant criteria in considering whether to issue a stay of an order of a district court pending appeal are: (1) the likelihood of success on the merits; (2) any irreparable injury to the moving party if the stay is denied; (3) capable of causing substantial injury to the party opposing the stay if one is issued; and (4) whether granting the stay would be in the public interest. E.g. Kahn v. Elwood, 232 F.Supp.2d 344 (M.D.Pa. 2002); Hilton v. Braunhall, 481 U.S. 770, 776 (1987). Different Rules of Procedure govern the power of district courts and courts of appeals to stay an order pending appeal. Fed. Rule Civ. Proc. 62(c); Fed. Rule App. Proc. 8(a); see generally 11 C. Wright & A. Miller, Federal Practice and Procedure § 2904 (1973).

  Failure of party seeking stay pending appeal to establish any element in its favor, namely a likelihood of success on the merits, that he will suffer irreparable harm if the

4

stay is denied, that granting the stay will not result in even greater harm to the nonmoving party, and that the public interest favors such relief, renders a stay pending appeal inappropriate. U.S. v. Cooper Health System, 958 F.Supp.2d 564 (D.N.J. 2013)

Citizens incorporate their motion for reconsideration of the order denying intervention which includes a motion for amended findings. (D.I. No. 46) in support of the likelihood of success of appeal on the merits. Citizens claim that this motion itself is also likely of success. In short, citizens claim to have met the threshold for intervention as of course, and that abuse of discretion has occurred in the denial of permissive intervention, and the overall denial, under the circumstances. The Court of Appeals reviews a district court's denial of permissive intervention and intervention of right for abuse of discretion but applies a more stringent standard to denials of intervention of right; the Court of Appeals will reverse a district court's determination on a motion to intervene of right if the court applied an improper standard or reached a decision that the Court is confident is incorrect. Benjamin ex rel. Yock v. Department of Public Welfare of Pennsylvania , 701 F.3d 938 (C.A. 3, 2012)

Citizens are certain that irreparable injury will occur because without intervention citizens cannot participate at pre-trial and trial proceedings and the case, which stands to affect citizens in particular, non-remote, personal, and harmful ways, will likely not attain a record matching the fullness and legally arguable level possible had citizens been permitted to intervene. Injury occurs to religious rights of citizens each time an official or court deprives them of rights because the homosexual activists seek a chipping away of rights, including, inter alia, religious rights, the latter preserved unequivocably in the Constitutions and the Religious Freedom Protection Act.

A stay is not capable of causing substantial injury to the party opposing the stay if one is issued. The defendants, as they claim, have lived their present way of life for the duration, are not in danger of looming harm, have gained freedoms commensurate with those afforded all levels of society in recent decades, and, being interested in equality, are presumed to be equally interested in a proper percolating of this (and these) cases rather than a rush to judgment. A substantial injury must be just that. Stay was denied because "parties to settlement agreement would suffer substantial harm if alleged overcrowding at prison was not corrected pursuant to settlement agreement." Harris v. Pernsley, 654 F.Supp. 1057, 1059 (E.D.Pa.1987)

Tenant-judgment creditor was entitled to stay pending appeal in which she challenged denial of her motion to intervene in landlord-judgment debtors' action against their insurer for alleged bad-faith refusal to settle tenant's personal injury claims against landlords, even though tenant had little chance of prevailing on appeal under abuse of discretion standard of review, inasmuch as appeal was not hopeless and tenant could suffer significant harm if denied stay, by being denied opportunity to be heard in landlords' action against insurer, while insurer would suffer no harm if stay was granted, thereby delaying determination of insurer's pending summary judgment motion. Greendige v. Allstate Ins. Co., Not Reported in F.Supp.2d, 2003 WL 22871905 (S.D.N.Y.)

As to the fourth element, whether granting the stay would be in the public interest, irreparable injury is claimed to otherwise occur, as well as truncation of the potential for a fullest set of issues revealed and argued, and appeal stands at present as the only means now available for causing the more desirable circumstance. At the same time the public interest is clearly at issue. Either party and potential interveners all admit to that. To repeat: citizens are certain that irreparable injury will occur because without intervention citizens would not participate at pre-trial and trial proceedings, and the case, which stands to affect citizens, and all Pennsylvanians, in particular, non-remote, personal, and often harmful ways, will likely not attain a record matching the fullness and legally arguable level possible, if citizens do not obtain an reversing or amending order. Injury occurs to, among others, the religious rights of Pennsylvanians each time an official or court deprives them of rights because the homosexual activists seek a chipping away of rights, and a celebrating of their philosophy as a central tenet of society, at the expense of other, more established rights. Generally speaking, the public is best served by enforcing negotiated settlements and by allowing long-running civil actions to come to their final conclusion. Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc., 319 F.Supp.2d 1094, 1108 (C.D.Cal.2003). Here, "long running" may or may not be an applicable characteristic though it applies in the aspect that a stay will promote the interests of fairness in a complex matter that is apparently claimed by plaintiffs to near some state of finality.

Citizens request, including if any of the four elements in these circumstances is found weak, the prevailing policy that the Court consider not the number of elements met

but the volume of compliance with the elements overall, such as seen in U.S. v. Cooper Health System. Proof of irreparable injury is insufficient to sustain a motion for a stay pending appeal if the appeal is unlikely to be successful or if the irreparable injury cannot be said to outweigh the harm to the public interest and to parties opposing the motion which would be caused by entry of the stay. Evans v. Buchanan, 435 F.Supp. 832 (D.Del., 1977)

Stay Due To Other Pending Cases

A stay is warranted in this case also, and in a tandem way, because of pendency of similar and nearly identical cases filed in state courts and another federal court, Federal district court has inherent discretionary authority to stay proceedings pending litigation in another court. Rodgers v. U. S. Steel Corp., 508 F.2d 152, C.A.3.Pa.,1975 American Life Ins. Co. v. Stewart, 57 S.Ct. 377, U.S.Kan.,1937. In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues. Bechtel Corp. v. Local 215, Laborers' Intern. Union of North America, AFL-CIO, 544 F.2d 1207, C.A.3.Pa.,1976

These cases are Appeal of Baus: Estate of Burgos-Rios, No. 1310 of 2012, a Northampton County challenge to the Marriage Law's definition of marriage, 23 Pa.C.S. § 1102 and §1704, involving estate taxes; Ballen v. Commonwealth et al, Commonwealth Court No.481 MD 2013, and Cuccinotta v. Commonwealth, Commonwealth Court No.451 MD 2013, which are demands for declaration of validity of marriages, illegally performed by the Montgomery County Register of Wills, and enjoining enforcement of the Marriage Law's sections 23 Pa.C.S. § 1102 and §1704, and Whitewood v. Wolf, United States Eastern District No. 13-1861, a complaint for declaration that said marriage law sections are unconstitutional on a federal basis, focusing on claims of a XIV Amendment due process "right to marry," and unequal protection or discrimination based on sex and sexual orientation. The federal DOMA is raised substantially or challenged in all but one of the above cases, including the Whitewood case. Also pending is an appeal in the Pennsylvania Supreme Court, Commonwealth v. Hanes, 77 MAP 2013, discussed supra.

Citizens believe that the fact that these and other conceivable cases, exist and overlap, and that some of them are in State Courts, supports the request for stay, and

citizens raise this objection pursuant to their right to submit their proposed responses to an action when seeking to intervene.

Where South Carolina statutes regulating fisheries and shrimping industry had not been construed by the state courts, statutory three-judge district court should not have disposed of complaint seeking declaratory judgment holding the statutes unconstitutional on the merits, but should have retained jurisdiction of the complaint for a reasonable time, to afford plaintiffs an opportunity to obtain, by appropriate proceedings, a construction by state court of the statutory provisions involved. Code S.C.1942, § 3408, as amended by Act April 21, 1948, 45 St. at Large, p. 2059. Shipman v. Du Pre, 70 S.Ct. 640, U.S.S.C.,1950 , see City of Chicago v. Fieldcrest Dairies, 62 S.Ct. 986, U.S.Ill.,1942 ("In action involving state question [including constitutionality question], it is a wise and permissible policy for the federal chancellor to stay his hand in absence of an authoritative and controlling determination by state tribunals." "Fact that issue regarding constitutionality of ordinance might not survive litigation in state courts indicated wisdom of policy permitting federal chancellor to stay his hand . ")

Where propriety of stay of action in federal District Court because action is pending in another court is in question, federal District Court will look to see where action was first begun. Camero v. McNamara, 222 F.Supp. 742, E.D.Pa.,1963. Here the cases were filed as a group, in an intended and crafted manner, any claim that this case is first-filed is hyper-technical. This case in fact was filed 20 days after the state Cucinotta claim, around the time that the state court Ballen case was filed, and soon after that the Baus case was filed in an existing estate . Moreso, in the matter of Commonwealth v. Hanes, which is now an appeal from the mandamus issued to cease and desist issuing of "same sex" marriage licenses, to the Montgomery County Register of Wills, preliminary objections raising the constitutionality of 23 Pa.C.S. § 1102 and §1704 were raised in the original action in the Commonwealth Court of Pennsylvania on August 2, 2013, only fourteen days after this case was filed. As a general rule the action which is first commenced should be given priority, but a court should not simply ascertain which suit has been filed first and mechanically stay the later action; the more significant consideration is whether relief sought can be more expeditiously and effectively afforded in one forum in comparison to the other. Brotherhood of Locomotive Firemen and Enginemen v. Reading Co., 279 F.Supp. 948, E.D.Pa.,1968 Some of plaintiffs' attorneys

8

are shared between cases and many or all of them clearly network and act as if a unit.

Citizens urgently claim that state court decisions should hold precedence under principles of sovereignity and federalism. Colorado River abstention doctrine, which provides that where a parallel action is pending in state court that may effectively or more efficiently resolve the dispute between the parties, a federal court should dismiss the federal action. Colorado River Water Conserv. Dist. v. U.S., 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483. The doctrine is based on considerations of judicial economy especially in areas of complex litigation, and to avoid duplicative litigation. Id. at 817

Equally supportive is the law generally holding that one case may be stayed while others stand likely to decide the same questions, including under Younger abstention. Courts are to apply a three-pronged test in determining whether to abstain pursuant to Younger: (i) there are ongoing state proceedings of a judicial nature; (ii) these proceedings implicate important state interests; and (iii) the state proceedings offer adequate opportunity to raise federal claims. See Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir.2005)

Including (like most of the within arguments), the furtherance of the public interest, it is important that the questions of constitutionality have been submitted to the Pennsylvania Supreme Court, and amicus briefs have been filed, in the Hanes matter, and this is again looming when decision occurs in the Ballen and Cucinotta, and the Baus case. Any potential for citizens' motion to intervene, to slow the pace is irrelevant, and it has not up to present. Because the state courts are more fully versed and more seasoned at matters of state law, and because the Pennsylvania Courts will decide these issues in panels or en banc, equity and justness are more likely from a group of justices as opposed to a single justice, such as his honor, and every bit of fairness and justness obtainable ought to be, where a declaration of such magnitude is requested. Among factors to be considered in determining whether or not federal district court should grant a stay are: whether substantive and procedural rights of nonmoving party will be impaired if stay is granted; extent to which identical issues and parties are involved; relative ease of access to sources of proof; likelihood that one of the actions will reach an earlier conclusion; comparative status of dockets in competing forums; and possibility that case will involve questions of foreign law that another forum might be better equipped to resolve. Groves

9

v. Insurance Co. of North America, 433 F.Supp. 877, E.D.Pa.,1977

Likewise, among a far more numerous number of sub-arguments available here, this case's addressing of a specific argument concerning the full faith and credit clause, a novel and speculative Federal basis theory, bears the Court's awaiting that issue.

Contrived or hypertechnical differences between cases ought not result in extensive litigation regarding which case to stay, especially between state and federal, where state cases (in this case three) are equal in substance and urgency to the federal. Especially in cases of extraordinary public moment, plaintiff may be required to submit to delay not immoderate in extent and not oppressive in its consequences if public welfare or convenience will thereby be promoted. Clinton v. Jones, 117 S.Ct. 1636, U.S.Ark.,1997

Parties to two causes need not be same and issues need not be identical to empower court to stay proceedings in one suit to abide proceedings in the other. Landis v. North American Co., 57 S.Ct. 163, U.S.Dist.Col.,1936.

Factors which are pertinent to a district court's decision to exercise its discretion in favor of staying proceedings before it are considerations of comity, promotion of judicial efficiency, adequacy and extent of relief available in alternative forum, identity of parties and issues in both actions, likelihood of prompt disposition in alternative forum, convenience of parties, counsel and witnesses, and possibility of prejudice to a party as a result of the stay. Nigro v. Blumberg, 373 F.Supp. 1206, E.D.Pa.,1974   All of these elements other than convenience are relevant in this case and are present in a way supportive of stay. Accord IMS Health, Inc. v. Vality Technology Inc., 59 F.Supp.2d 454, E.D.Pa.,1999, in which the Eastern District held: In determining whether or not to stay suit, in favor of litigation on same subject in another court, factors to be considered include (1) whether there are similar factual determinations necessary in both fora and therefore duplicative litigation should be avoided, (2) the likelihood that a declaratory judgment would resolve the uncertainty of the obligation giving rise to the controversy, (3) the convenience of the parties, (4) the public interest in the settlement of the uncertainty of the obligation, and (5) the availability and relative convenience of other remedies. IMS Health, Inc. v. Vality Technology Inc., 59 F.Supp.2d 454, E.D.Pa.,1999

Likewise, stay conceivably could mesh with a proceeding in which applicants stand to be granted intervenor status. The status of citizens' applications to intervene in each of

10

the cases is at different stages, some of them still awaiting pleadings. A stay in one case until determination of another will not be granted on slight foundation, although a reasonable stay may be granted to afford an opportunity to establish a claim. Fed.Rules Civ.Proc. rule 62(h), 28 U.S.C.A. Robbins Flooring, Inc. v. Federal Floors, Inc., 445 F.Supp. 4, E.D.Pa.,1977.

District court possesses inherent power to stay any proceeding in order to promote its fair and efficient adjudication. Stadler v. McCulloch, 882 F.Supp. 1524, E.D.Pa.,1995. Citizens are presenting a substantial claim that only intervention can likely cause full fairness and completeness of the defense, Efficiency would occur with the stay because the 5 cases pending are redundant in part and the intervention process affords a catalyst to the matter. Citizens have no intent of dilatoriness nor can they be suspected of any possibility of being less than exemplary when conforming to principles of efficiency, candor, and non-obduracy.

In deciding whether to issue an injunction in which the public interest would be affected, or whether to modify such an injunction once issued, a district court must expressly consider the public interest on the record. American Motorcyclist Association v. Watt, 714 F.2d 962, 965 (9th Cir. 1983); Carribean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 678 (9th Cir. 1988).

Other Issues

Before stay may be issued, petitioner must demonstrate clear case of hardship or inequity, if there is even fair possibility that stay would work damage on another party. Gold v. Johns-Manville Sales Corp., 723 F.2d 1068, C.A.3.N.J.,1983. Citizens claim hardship and a foreboding hardship far outweighing any damage to defendants, which is in fact not the case.

Last but not least, citizens believe that the lack of raising of this issue of lis pendens in the defendants pleadings indicates the inadequacy of representation likely to be present in this case. Pa.R.C.P. 1028, F.R.C.P. 12

District court would stay proceedings pending interlocutory appeal of decision denying defendant's motion to stay proceedings pending arbitration; although defendant's arguments for arbitration were unconvincing, arguments were not utterly frivolous,

defendant promised to minimize delay caused by interlocutory appeal and there was no showing that plaintiff would be prejudiced by intervening delay. 9 U.S.C.A. § 16(a)(1)(A).  Cendant Corporation v. Forbes, 72 F.Supp.2d 341, (D.N.Y. 1999)

Whether or not the Court believes that appeal is worthy and may result in reversal or amendment is less relevant because of the enormous public interest capable of being affected in this case.  Applicant's ability to submit fact and law to the defendants for suggested use in the defense does not guarantee that the defense will use such, and the Commonwealth is insulated by the law that attorneys generally cannot be held liable for strategy nor even for omission of important aspects of a case.

Lastly, as to discovery, citizens cannot request a stay of all discovery without disrupting the docket, but citizens are justified in requesting a stay of all deadlines and other bars to discovery that would result in their being precluded any discovery by way of the stay or passage of time during the stay.


WHEREFORE, citizens respectfully request the Court to enter an order staying proceedings pending action on citizens' motion for leave to amend the application, and any appeal filed by citizens.


WHEREFORE, citizens respectfully request the Court to find that stay is warranted pending determinations in related State Court cases and another Federal case now pending, and any action imposing conditions and additional scope of stay deemed just and fair.


_____                    Date: April 21, 2014
James D. Schneller           pro se

# THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

Cara Palladino, Isabelle Barker
plaintiffs,
v.
Thomas W. Corbett, in his official
capacity as Governor of Pennsylvania, et al
defendants

Civil Action

No. 2:13-cv-05641-MAM

## CERTIFICATE OF SERVICE

I, James Schneller, hereby certify that I served a true and correct copy of the motion for stay, upon the parties, by USPS 1st Class mail, as follows:

William H. Lamb Esquire
Lamb McErlane P.C.
P.O. Box 565
West Chester, PA 19381-0565

Mary Abbegael Giunta Esquire
Pennsylvania Office of the Attorney General
Strawberry Square   15th Floor
Harrisburg, PA 17120

Benjamin L. Jerner Esquire
Jerner & Palmer PC
5401 Wissahickon Avenue
Philadelphia, Pa 19144

Eric Kraeutler Esquire
Morgan Lewis Bockius LLP
1701 Market St
Philadelphia, Pa 19103-2921

_____
James D. Schneller          pro se

Date: April 21, 2014