THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

Cara Palladino, Isabelle Barker
plaintiffs,

v.

Thomas W. Corbett, et al   defendants

Civil Action

No. 2:13-cv-05641-MAM

MOTION TO OPEN JUDGMENT AND AMEND COMPLAINT OR TO APPEAL IN
FORMA PAUPERIS FROM ORDER APPROVING SETTLEMENT

    Applicants for intervention James D. Schneller, representing himself, and Philadelphia Metro Task Force, in all ways possible, ("movants") apply for an order opening the order, to amend their application to intervene, and for leave to appeal in forma pauperis, from the order approving settlement and dismissing the case, stating as follows:

    Movants request leave to amend the application to intervene, for reason of numerous changes in the circumstances and principally, because the entering into the settlement and agreement to the Court approval and dismissal cause defendants to be overtly inadequately representing the interests claimed by movants, and even the interests of the commonwealth, of which they are officers.

    Where movants' requests are deemed to require same, movants request an opening of judgment on the order approving settlement and dismissing, and/or the order denying relief and/or intervention, to movants, as deemed necessary, claiming full and abundant reason for same, seen in the claims in this motion, including pursuant to Rules like FRCP 59 section e and FRCP 60 section (b)(3) and (b)(6).

The Court's denial of movant's application to intervene and worthy efforts to bring their amended application to intervene under consideration was pending appeal during the time that settlement was approved, and movants have ample reason to file a petition for writ of certiorari and intend to do so. Further, with utmost of respect, intervention was denied to movants in a series of errors and a claimed abuse of discretion, and the order was affirmed in a clear error and claimed abuse of discretion, the within claims stand all the more supporting of the requested relief.

The error stated in the preceding paragraph supports the relief requested because said relief will assist movants their right to utilize what is a clear standing to appeal from a final order in this case, which has now materialized by way of the order approving settlement and dismissing the case. Movants claimed same in the pleadings in said appeal to the Third Circuit in this matter, No. 14-2766, including Article III standing, as they have also claimed in their appeals from the Whitewood decisions: No. 14-2871 (denial of intervention) and No. 14-3049 (final order and injunction).

Even if movants had not sought to intervene, or had not sought to appeal from denial of intervention, there has been no indication, on or off the docket, that settlement was being pursued by the parties, and movants have complained from inception of non-transparency by the defendants.

Discontinuance and settlement are detrimental and prejudicial to movants and to all parties.

Defendant's adequacy of representation, if ever present, ended when they entered into the stipulation.

If appeal results in reversal of denial of intervention, the case will likely be re-tried.

The Court's denial of motion for stay had no findings or conclusions and the reason stated – mootness – was not explained by the Court in the order.

The plaintiffs and their allies, in the Ballen v. Commonwealth case in the state court, have admitted that "Judge Jones' decision has mooted Counts I through V of Plaintiffs' Amended Petition. But an actual controversy still exists as to Count VI, which

seeks a declaratory judgment that Plaintiffs' marriage licenses and marriages are valid. . . . [because] the decision in Whitewood does not resolve the continuing dispute between Plaintiffs and Defendant Wolf regarding the validity of plaintiffs' marriage licenses and marriages, since those marriage licenses were issued prior to the declaration in Whitewood that the Marriage Law is unconstitutional. Where, as here, a change in the law does not "finally and conclusively dispose of the controversy," the case is not moot. Nat'l Dev. Corp. v. Planning Comm'n of Harrison Twp.,439 A.2d 1308, 1310 (Pa. Cmwlth. Ct. 1982)."

Mutual mistake and/or fraud occur, including because the written stipulation fails to set forth the true agreement of the parties, which must, in reality, include an agreement, spoken or unspoken, regarding the pending appeals and possibility of re-trial and other effects of movant's action. These unmentioned facets of the immediate circumstances are an impracticability of performance and are a frustration of purpose of the stipulation.

The settlement and order are fraudulent for reasons including that the Secretary's reliance on the Whitewood decision causes the Court to rely on an erroneous and fraudulent determination.

The order and/or stipulation make no mention of said ongoing appeals. The appeals are worthy and have not suffered summary dismissal, which is an indicator that the Third Circuit will adjudicate the merits of the appeal, including the request to appeal from the final order in the Whitewood case, which petitioners have supported with sensible, relevant and up-to-date argument.

Upon knowledge that a settlement conference had been scheduled last week in the Whitewood case, movants immediately filed in the Third Circuit appeals in that matter, motions to Amend their motions for Stay, with requests for Expedited Action on the Request Motion for Stay.

The stipulation is not attached or otherwise included with the order

Movants have a lawful interest, beneficial interest, and a sufficient interest in the proceedings

Movants have and continue to claim interests which no other party on the record is interested in protecting.

Movants' beneficial interest is also acquired pendente lite.

Movants and certain classes with immutable characteristics to which they belong stand to suffer harm from the settlement and order.

No prejudice will result to any party from the requested relief.

Movant's objections made in the pleadings have been a part of the record and have been considered by the Court in many ways.

Movants' interests, both in this and related cases, and for the reasons claimed of record, stand to be affected substantially by the settlement and must be protected by court action.

The record shows that the Court has not considered the first-amended application to intervene, and the Third Circuit has chosen not to address movants' claim of error in that regard.

The circumstances meet the requirement of unreasonableness, unfairness and/or fraud and collusion required to challenge and request rejection or abeyance of the agreement.

Any mooting found to exist is matched by a requirement that a court allow time and venue for parties not allowed intervention, to bring their objections forth.

Movants may appeal from the settlement, in addition to the above reasons regarding appeals from denial of intervention, because they unsuccessfully sought to vacate the judgment and are substantially aggrieved by the judgment; and movants' interests are direct, substantial and immediate and stand to be expressly and preventably prejudiced by the judgment, and/or benefited by its reversal.

Movants' interests appear in the record.

The above circumstances cause standing sufficient to appeal from the final order, and movants request leave to appeal in forma pauperis, and incorporate their affidavit of indigence filed on May 12, 2014 (D.I. 62 )

WHEREFORE, movants respectfully request the Court's order granting the motion for leave to amend the complaint, and vacating or amending the order approving settlement and dismissing, or for leave to appeal in forma pauperis.

_____  Date: November 18, 2014
James D. Schneller           pro se
Philadelphia Metro Task Force
430 East Lancaster Avenue    #E 25
Radnor, PA 19087  610-688-9471

THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

Cara Palladino, Isabelle Barker
plaintiffs,
v.
Thomas W. Corbett, in his official
capacity as Governor of Pennsylvania, et al
defendants

Civil Action

No. 2:13-cv-05641-MAM

CERTIFICATE OF SERVICE

I, James Schneller, hereby certify that I served a true and correct copy of the motion to open, amend complaint, or appeal in forma pauperis, upon the parties, by USPS 1st Class mail, and email as follows:

William H. Lamb Esquire
Lamb McErlane P.C.
P.O. Box 565
West Chester, PA 19381-0565

Mary Abbegael Giunta Esquire
Pennsylvania Office of the Attorney General
Strawberry Square 15th Floor
Harrisburg, PA 17120

Benjamin L. Jerner Esquire
Jerner & Palmer PC
5401 Wissahickon Avenue
Philadelphia, Pa 19144

Eric Kraeutler Esquire
Morgan Lewis Bockius LLP
1701 Market St
Philadelphia, Pa 19103-2921

James D. Schneller         pro se

Date: November 18, 2014